# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1400V
### Filed: September 9, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

DEBORAH VANDERPOOL,     *

     *

       Petitioner,     *     Damages Decision Based on Proffer;

v.     *     Influenza ("flu") Vaccine; Shoulder Injury

     *     Related to Vaccine Administration

SECRETARY OF HEALTH     *     ("SIRVA"); Special Processing Unit

AND HUMAN SERVICES,     *     ("SPU")

     *

       Respondent.     *

     *

* * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait, Maglio Christopher and Toale, Sarasota, FL, for petitioner.*
*Ryan Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 19, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received an influenza ("flu") vaccination on December 1, 2014, and thereafter suffered from a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On February 17, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a SIRVA. On September 9, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $104,801.21. Proffer at 1. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner the following compensation:**

(a) **A lump sum of $4,801.21, which amount represents reimbursement of a State of Washington Medicaid lien, in the form of a check payable jointly to petitioner and**

Coordinated Care
5615 High Point Drive, Suite 100
Irving, TX 75038

Petitioner agrees to endorse this payment to Coordinated Care; and

(b) **A lump sum of $100,000.00 in the form of a check payable to petitioner.** This amount and the amount listed in paragraph (a) above represents compensation for all elements of compensation under § 300aa-15(a) to which petitioner is entitled.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

DEBORAH VANDERPOOL,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 15-1400V
Chief Special Master Nora Beth Dorsey
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 17, 2016, respondent filed her Rule 4(c) Report, in which she recommended

that the Court find petitioner entitled to compensation, and on the same date, the Court entered

its Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers

that petitioner receive an award of compensation as follows:

a. A lump sum of **$4,801.21**, which amount represents reimbursement of a State of
Washington Medicaid lien, in the form of a check payable jointly to petitioner and

> Coordinated Care
> 5615 High Point Drive, Suite 100
> Irving, TX 75038.

Petitioner agrees to endorse this payment to Coordinated Care; and

b. A lump sum of **$100,000.00** in the form of a check payable to petitioner. This amount
and the amount listed in paragraph (a) above represents compensation for all elements of
compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1]

Petitioner agrees with the proffered award of $104,801.21.[2]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief. In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

1

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division

<u>s/ RYAN D. PYLES</u>
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: September 9, 2016

---

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).